KONTOS et al.,

v.

LUXMORE et al., Appellants; Brown–Graves Lumber Company et al., Appellees.

[Cite as *Kontos v. Luxmore* (1989), 65 Ohio App.3d 148.]

Court of Appeals of Ohio,
Summit County.

No. 14017.

Decided Oct. 25, 1989.

*William J. Novak* and *Terry A. Bryer,* for appellants.

*Scott H. Ruport,* for appellees.

CACIOPPO, Presiding Judge.

This case is before us on appeal from the trial court's order dismissing, with prejudice, Thomas Luxmore and Luxmore Construction, Inc.'s ("Luxmore") second cause of action in its third-party complaint. We reverse.

Dr. Kontos and Phyllis Barone ("Kontos") filed a complaint for breach of contract and negligence against Luxmore and Ceramica of Italy, Inc. Luxmore filed an answer and third-party complaint. The third-party complaint alleged that Buy–Rite Lumber Company ("Buy–Rite") and/or Brown–Graves Lumber Company ("Brown–Graves") supplied Luxmore with defective lumber which Luxmore used in constructing the Kontos home. Luxmore asserted two causes of action in the third-party complaint. In the first cause of action, Luxmore sought indemnification from Buy–Rite and Brown–Graves. In the second cause of action, Luxmore sought damages for labor and expenses which Luxmore incurred while performing additional work at the Kontos home as a result of Buy–Rite and Brown–Graves' negligence.

With the court's permission, Kontos amended the complaint and added Brown–Graves as a party-defendant. Four months later, Kontos added Buy–Rite as a party-defendant with leave of court.

The court ordered the matter to arbitration pursuant to Loc.R. 10 of the Court of Common Pleas of Summit County, General Division. The arbiters found in favor of Kontos. Luxmore filed a notice of appeal of the arbitration award. The court ordered the matter to trial. The trial court ordered Kontos

and Luxmore to private arbitration pursuant to an arbitration agreement in the original contract between Kontos and Luxmore.

A hearing before a referee was scheduled for January 13, 1989, to settle the issues between Luxmore and Buy–Rite and Brown–Graves. On January 13, before the hearing, Kontos settled his claims with Brown–Graves and Buy–Rite. Luxmore dismissed the indemnification claim in the first cause of action of the third-party complaint due to the settlement entered into between Kontos and Buy–Rite and Brown–Graves.

At the hearing before the referee, Buy–Rite and Brown–Graves moved to dismiss Luxmore's second cause of action of the third-party complaint. The referee granted the motion and recommended dismissal with prejudice against Luxmore without hearing any evidence on the merits. The trial court adopted the referee's recommendation and entered judgment. Luxmore appeals.

## Assignment of Error

"The trial court erred in dismissing the second cause of action of Defendant Luxmore against co-defendant Buy–Rite Lumber Brown–Graves Company when the Court held that a cross-claim must be prefaced by the words 'cross-claim.' "

The essence of Luxmore's argument is that the trial court erred in dismissing with prejudice the second cause of action of the third-party complaint.

While hearing argument concerning Buy–Rite and Brown–Graves' motion to dismiss, the referee inquired whether Luxmore's claim was a cross-claim or a third-party complaint. The referee proceeded in addressing the matter as it was originally filed, a third-party complaint. The referee found that Luxmore's voluntary dismissal of the first cause of action also dismissed the second cause of action because the claim did not state a separate cause of action from the first. Therefore, the referee found that no cause of action remained before the court. Then, the referee recommended dismissal with prejudice of the second cause of action of the third-party complaint.

Having reviewed the record, particularly the causes of action in the third-party complaint, we find that the second cause of action does state a separate claim from the first cause. The second cause of action seeks damages for labor and expenses that Luxmore incurred while performing additional work at the Kontos home. It is independent of the claim for indemnification stated in the first cause of action.

A consistent finding requires adjudication on the merits of the second cause of action or dismissal without prejudice to permit Luxmore to refile his claim.

The decision of the trial court is reversed. The cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REECE and MAHONEY, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth District Court of Appeals, sitting by assignment.